GUSTAV W. EYLER
Director, Consumer Protection Branch
MAX J. GOLDMAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 353-7664
    Email: Max.J.Goldman@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA (SBN 169119)
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4042
    Facsimile: (213) 894-7819
    E-mail: Lisa.Palombo@usdoj.gov

Attorneys for Plaintiff United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>John Armbruster, individually,<br><br>    Defendant. | No. 2:20-CV-10835-JFW-Ex<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT |

Plaintiff United States (the "United States") commenced this action against Defendant, John Armbruster ("Defendant") by filing a civil Complaint seeking an injunction pursuant to 18 U.S.C. § 1345. Plaintiff's Complaint alleged Defendant was violating or was about to violate 18 U.S.C. § 1343 by executing a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent representations with the intent to defraud using interstate wire communications.

The United States and Defendant stipulated to the entry of a Stipulated Order for Permanent Injunction ("Order"), lodged concurrently with this Stipulation, with the terms and provisions below to resolve the claims in the Complaint. Defendant, *pro se*, entered into this Stipulation freely and without coercion. Defendant further acknowledges that he has read the provisions of this Stipulation, understands them, and is prepared to abide by them. Defendant waives service of the Complaint and Summons.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

I. **FINDINGS**

1. This Court has jurisdiction over this matter and the parties pursuant to 18 U.S.C. §1345 and 28 U.S.C. §§1331 and 1345. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because defendant resides in this district and because a substantial part of the events or omissions giving rise to the claims alleged in the Complaint occurred in this district.

2. The United States seeks injunctive relief pursuant to 18 U.S.C. § 1345.

3. Defendant neither admits nor denies the allegations in the Complaint. Only for purposes of this action, Defendant admits that the Court has jurisdiction as to Defendant and as to this action.

II. **DEFINITIONS**

For purposes of this Consent Decree:

  a. "Defendant" means John Armbruster.

  b. "Person" mean and individual, corporation, a partnership, or any

          other entity.

    c.   "Funds" include any currency, check, money order, stored value card, stored value card numbers, bank wire transmission or other monetary value.

    d.   "Prize promotion fraud" means a plan, program, promotion, or campaign that is conducted to mislead a prospective victim of victims to believe that they have won, or may or will win or receive, a sweepstakes, contest, lottery, prize, inheritance, money, property, other thing of value, contingent on the victim providing, or providing a means of accessing or obtaining, any fee.

    e.   "Money transmitting business" refers to a person who, for a fee or other remuneration, receives funds from one person for the purpose of transmitting the funds, or providing access to the funds, to another person.

    f.   "Fee" refers to a payment or compensation of any kind regardless of how the payment or compensation is labeled, including but not limited to processing fees, services fees, expediting fees, purchase fee, nominal fees, symbolic payments, gifts, and gratuities.

### III. PROHIBITED CONDUCT

**IT IS ORDERED** that Defendant is **PERMANENTLY PROHIBITED, RESTRAINED**, and **ENJOINED** from, directly or indirectly, engaging, participating or assisting in any prize promotion fraud and money transmitting business.

### IV. ORDER ACKNOWLEDGMENTS

It is further ordered that within fifteen (15) days after entry of this Order, the Defendant is ordered to submit to Postal Inspector Jeffrey Hedrick a written acknowledgement of receipt of this Order sworn under penalty of perjury. The statement shall be addressed to:

U.S. Postal Inspector Jeffrey Hedrick

U.S. Postal Inspection Service

P.O. Box 22793

Long Beach, CA 90801

**V.    MODIFICATION OF THE ORDER**

This Order shall not be modified except in writing by Plaintiff and the Defendant and approved by the Court.

**VI.   RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains exclusive jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED AND AGREED**

**FOR PLAINTIFF UNITED STATES OF AMERICA**

**GUSTAV W. EYLER**

Director, Consumer Protection Branch

/s/  Max J. Goldman                              Date: November 20, 2020

MAX J. GOLDMAN
Trial Attorney
Consumer Protection Branch
450 Fifth Street, NW, Suite 6400S
Washington, D.C. 20001
Telephone: (202) 598-5119
Email: Max.J.Goldman@usdoj.gov

**FOR DEFENDANT JOHN ARMBRUSTER**

_____          Date: _____

So Ordered

Dated: December 18, 2020

_____
UNITED STATES DISTRICT JUDGE